

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00372-CR

John Henry **SCOTT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR3797
Honorable Ray Olivarri, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Luz Elena D. Chapa, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: February 12, 2020

AFFIRMED; MOTION TO WITHDRAW GRANTED

John Henry Scott appeals the trial court's judgment revoking his community supervision.

In September 2017, Scott entered into a plea-bargain agreement and pled guilty to the offense of

violating sex offender registration requirements. The trial court sentenced Scott to two years in

prison, suspended the sentence, and placed Scott on community supervision for two years. The

State subsequently moved to revoke Scott's community supervision, alleging Scott had violated

eight conditions of his community supervision. On May 13, 2019, the trial court held a hearing on

the State's first amended motion to revoke. Scott pled true to five of the eight violations alleged in

the amended motion to revoke. The trial court then revoked Scott's community supervision and ordered him to serve his two-year prison term.

On appeal, Scott's court-appointed appellate counsel filed a brief stating that he has conducted a professional evaluation of the record and has determined there are no potentially meritorious grounds to be advanced on Scott's behalf. *See Anders v. California*, 386 U.S. 738, 744 (1967). In his brief, counsel refers us to parts of the record that might arguably support the appeal, but then explains why the appeal is without merit. Counsel's brief contains citations to the record and applicable law and includes legal analysis. We conclude counsel's brief meets the requirements of *Anders*. *See id.*; *Stafford v. State*, 813 S.W.2d 503, 509-10, 510 n.3 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812-13 (Tex. Crim. App. 1978).

Counsel provided Scott with copies of his brief and his motion to withdraw and informed Scott of his right to review the record and file a pro se brief. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Counsel informed Scott to file a motion in this court if he wished to review the appellate record and provided Scott with a form motion for this purpose. *See id.*; *Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). We set a deadline for Scott to file a pro se brief and notified Scott of the deadline. No pro se brief was filed.

After conducting an independent review of the record, we conclude this appeal is frivolous and without merit. Accordingly, we affirm the trial court's judgment and grant counsel's motion to withdraw.[1] *See Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

Irene Rios, Justice

Do not publish

---

[1] No substitute counsel will be appointed. Should Scott wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.